# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DOUGLAS KEMPER,**

           **Plaintiff,**

**-vs-**                                                      **Case No. 6:12-cv-191-Orl-22DAB**

**RAY'S SUNSHINE CYCLES, INC.,**

           **Defendant.**

_____

# ORDER AND REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED.**

Plaintiff proceeding *pro se* filed suit in this Court complaining about the outcome of a 2004 suit for breach of contract to build a three-wheeled motorcycle filed in Polk County Circuit Court. Doc. 1-2. Plaintiff, who is incarcerated, seeks to proceed in this Court *in forma pauperis*. Upon an affidavit of indigency, any court of the United States may authorize a party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). In forma pauperis proceedings are governed by Title 28, United States Code, Section 1915. The statute provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment

of fees or security therefor, by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). When considering a motion to proceed in forma pauperis pursuant to this statute, the first determination for the court " 'is whether the statements in the affidavit satisfy the requirement of poverty.' " *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (11th Cir. 1976)).

If the affidavit is "sufficient on its face to demonstrate economic eligibility," the court should first docket the case and then determine, pursuant to 28 U.S.C. § 1915(e)(2), whether the asserted claim is frivolous or fails to state a claim. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). Section 1915(e)(2) provides that a court shall dismiss the case of a plaintiff proceeding in forma pauperis at any stage if the allegation of poverty is untrue, if the court is satisfied that the action is frivolous or malicious, if the complaint fails to state a claim on which relief may be granted, or if the plaintiff seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The standard of review for dismissals pursuant to 28 U.S.C. § 1915(e)(2) tracks the language for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To survive dismissal for failure to state a claim under this standard, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court has provided guidance on what constitutes a "well pled" complaint, requiring a plaintiff to supply more than just any conceivable set of facts tending to support a claim, but "enough facts to state a claim to relief that is plausible on its

face." *Id.* Recently, the Supreme Court has explained the two prong approach to evaluating whether a complaint meets this standard:

> As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S.Ct. 1955 (*citing Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or " a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with "a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
> \*\*\*
> But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]"--"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Though pro se pleadings are held to a less strict standard than those drafted by lawyers and are construed liberally, *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), the Court does not have

-3-

"license to serve as de facto counsel for a party" or to "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as stated in Young v. Nichols*, 398 Fed. Appx. 511 n.2 (11th Cir. 2010).

According to Plaintiff's state court complaint filed in 2005, he apparently bought a three-wheeled motorcycle from Ray's Sunshine Cycles for approximately $20,000 to $26,000; it did not work properly and Plaintiff sued Defendant for breach of contract. Doc. 1-2. Plaintiff now seeks to have his civil suit "opened against Ray's Sunshine Cycle's" because he "now ha[s] a Florida Lemon Law Representative that will handle my civil action once the case is reopened in the United States District Court [for the] Middle District of Florida." Doc. 1. Plaintiff contends that his case was never resolved in the state court and "now the enclosed docket copy says the case file was destroyed." Doc. 1. Plaintiff vaguely alleges that his constitutional rights have been violated (Doc. 1 at 4) and there has been a "miscarriage of justice" in not having his case "fully litigated to trial." The docket sheet from Polk County Circuit Court shows that Plaintiff's case was filed on September 12, 2005 and eventually dismissed for lack of prosecution in February 2009 when there had been no activity in the case since October 2007. Doc. 1-1 at 1-2. Plaintiff now seeks to have his case "re-opened," though it was never filed in this Court.[1]

This Court's jurisdiction is limited to claims involving federal questions and statutes, or suits between residents of different states above a certain amount. *See* 28 U.S.C. §§ 1331, 1332. This Court simply does not have jurisdiction to review or overturn state court judgments or actions which are adverse to Plaintiff. To the extent Plaintiff is appealing from the Florida court's decision to dismiss

---

[1] Note that if this Court did have jurisdiction over this case, venue would be in the Tampa Division.

his case for lack of prosecution or destruction of the state court's file, this federal trial court is without jurisdiction to hear it. Federal courts cannot *review* state court proceedings that address breach of contract claims, since the federal courts are not a forum for appealing state court decisions. The United States District Court "has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court]." *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923). To the extent that Plaintiff, as a Pennsylvania resident, is asserting a new claim for the 2003 breach of contract against Ray's Sunshine Cycles, Inc., a Florida corporation, the amount at issue is approximately $26,000 and insufficient to meet the requirements of the federal diversity statute, 28 U.S.C. § 1332.

It is respectfully **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim within the limited jurisdiction of the federal courts.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 8, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy