# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DOUGLAS KEMPER,**

                  **Plaintiff,**

**-vs-**                                                            **Case No. 6:12-cv-191-Orl-22DAB**

**RAY'S SUNSHINE CYCLES, INC.,**

                  **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO APPEAL IN FORMA PAUPERIS (Doc. 7)**
>
> **FILED:**       **April 23, 2012**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

      Plaintiff appeals Judge Conway's dismissing his case for lack of subject matter jurisdiction. Doc. 5. Plaintiff now moves to proceed *in forma pauperis* on appeal of that order. An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). It is respectfully **RECOMMENDED** that the District Court certify that the appeal in this case is not taken in good faith.

      Plaintiff ,proceeding *pro se,* filed suit in this Court complaining about the outcome of a 2004 suit for breach of contract to build a three-wheeled motorcycle filed in Polk County Circuit Court. Doc. 1-2. According to Plaintiff's state court complaint filed in 2005, he apparently bought a three-

wheeled motorcycle from Ray's Sunshine Cycles for approximately $20,000 to $26,000; it did not work properly and Plaintiff sued Defendant for breach of contract. Doc. 1-2. Plaintiff sought to have his civil suit "re-opened" against Ray's Sunshine Cycle's in the United States District Court, even though his case was filed in Polk County Circuit Court on September 12, 2005 and eventually dismissed for lack of prosecution in February 2009 (because there had been no activity in the case since October 2007). Doc. 1-1 at 1-2.

On March 20, 2012, Chief Judge Conway adopted the Report and Recommendation to dismiss Plaintiff's Complaint (Doc. 5), holding that Plaintiff's Complaint failed to satisfy the $75,000 amount in controversy requirement applicable to diversity cases. *See* Doc. 3.

Judge Conway held that Kemper's assertion that there was a sufficient amount in controversy was flatly belied by the documents he attached to his complaint, *i.e.*, copies of a complaint he filed in state court and an unsigned letter he apparently authored that details the underlying dispute. Doc. 5. Based on those documents, Judge Conway found that the amount in controversy fell tens of thousands of dollars short of the $75,000 threshold, and although he sought interest and costs, the plain text of 28 U.S.C. § 1332(a) excluded those items from the amount in controversy calculus. Doc. 5. Judge Conway also discounted Kemper's argument for including attorney's fees because he was proceeding pro se and he failed to allege any legal or contractual basis for recovering attorney's fees in the case; thus no "theoretical amount of attorney's fees" could properly be included in assessing the amount in controversy. Doc. 5. Plaintiff's complaint was dismissed upon Judge Conway's finding that it appeared to a legal certainty that Plaintiff could not satisfy the $75,000 amount in controversy required for diversity jurisdiction.

Accordingly, Plaintiff's appeal from Judge Conway's Order is not taken in good faith in light of the conclusions in Judge Conway's Order dismissing his case and Plaintiff's application to proceed

*in forma pauperis* on appeal should be **DENIED**. *See* 28 U.S.C. § 1915(a)(3). It is respectfully **RECOMMENDED** that the District Court certify that the appeal in this case is not taken in good faith.

Plaintiff alternatively seeks leave to pay the filing fee in installments (*see* Doc. 7 at 4); it is respectfully **RECOMMENDED** that Plaintiff be granted leave to pay the filing fee in installments of $100 per month.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 24, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy